

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00345-CR

**JAMARRIO LIZAUN BUTLER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 15-00110-CRF-361**

## MEMORANDUM OPINION

The jury convicted Jamarrio Lizaun Butler on four counts of the offense of aggravated robbery and assessed his punishment at confinement for life on each count. We affirm.

**Sufficiency of the Evidence**

In the first issue, Butler argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in

establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

**Facts**

Kim Yarbrough testified that on November 5, 2014, she was at the store with her three year-old grandson. Yarbrough put her grandson in his car seat and walked around to get into the vehicle. Appellant approached Yarbrough and told her to get the kid out of the car and give him the keys. Yarbrough testified that Appellant was pointing a silver revolver at her. Yarbrough got her grandson out of the car, and Appellant and co-defendant, Gerald Johnson, drove away in her vehicle.

Appellant and Johnson then went to Prosperity Bank in the stolen vehicle. The bank teller testified at trial and stated that Appellant had a silver gun. The teller gave Appellant money, and he and Johnson left the bank in the stolen vehicle. Appellant wrecked the vehicle in the escape, and left a trail of money as he fled on foot. He and Johnson were arrested, and at the scene police recovered a black Airsoft BB gun. A silver gun was never recovered.

Following his arrest, Appellant admitted to Detective Steven Fry that he took the vehicle from Yarbrough and went to the bank. Appellant testified at trial and did not

deny his involvement in the robbery.  Appellant testified that he did not use a firearm during the robbery, but rather he had a "cap gun made to look like a real gun."  Appellant stated that he threw the cap gun in the creek after he wrecked the stolen vehicle.

**Applicable Law**

A person commits the offense of aggravated robbery if he commits the offense of robbery and he uses or exhibits a deadly weapon.  TEX. PENAL CODE ANN. § 29.03 (a) (2) (West 2011).  The Texas Penal Code defines deadly weapon as, "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."  TEX. PENAL CODE ANN. § 1.07 (a) (17) (West Supp. 2015).

**Analysis**

Appellant specifically argues that the evidence is insufficient to show that he exhibited a deadly weapon during the commission of the offense.  When the State alleges in an indictment for aggravated robbery that the deadly weapon used by the defendant was a firearm, as it did in this case, it is required to prove use of a firearm beyond a reasonable doubt.  *See Gomez v. State*, 685 S.W.2d 333, 336 (Tex.Crim.App.1985); *Cruz v. State*, 238 S.W.3d 381, 388 (Tex.App. – Houston [1st Dist.] 2006).

Susan Yarbrough testified that Appellant pointed a silver revolver at her when he took her vehicle.  Yarbrough testified that it was a "real" gun.  Robert Reinhardt was in

Prosperity Bank at the time of the robbery and testified that Appellant had a silver gun during the robbery. Reinhardt stated that there was no doubt in his mind that the gun was real. Rachel Raley, a teller at the bank, testified that Appellant had a silver gun at the time of the robbery. The lobby manager at the bank and another bank teller both testified at trial that Appellant had a gun and that the gun looked real. The police officer who interviewed Appellant after his arrest testified that Appellant never told them the gun used during the robbery was a toy gun.

The jury heard evidence that Appellant exhibited a silver revolver, a firearm, during the commission of the offense. The jury is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d at 461. Viewing all of the evidence in the light most favorable to the verdict, we find that the evidence is sufficient to support Appellant's conviction for aggravated robbery. We overrule the first issue.

**Ineffective Assistance of Counsel**

In his second issue, Appellant argues that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and

(2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Id.* at 687, 104 S.Ct. 2052. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a strong presumption that counsel's performance fell within the wide range of reasonably professional assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex.Crim.App. 2011). In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation. *Id*. "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Lopez v. State*, 343 S.W.2d at 142-3. When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Lopez v. State*, 343 S.W.2d at 143. In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the

benefit of hindsight. *Id.* While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own. *Id.*

Appellant specifically claims that his trial counsel was ineffective in his closing statements to the jury during the punishment phase of the trial. During his closing argument at the punishment phase of the trial, Appellant's trial counsel stated:

> Maybe he won't stop. A 25-year-old man. Twenty-five years old. When I think back to when I was 25, that was 25 years ago. What did I know then? I know a lot more now. That's a 25-year-old man who's messed up most of the 25 years of his life. Twenty-five years old.
> And maybe [the State] is right, he won't stop. He won't stop. He won't stop. Maybe he's right. I don't know. You don't know. [The State] doesn't know. Maybe he won't. But I'm asking you to give him the hope that someday he might get out. I'm asking you to give this 25-year-old man the chance that if he wants to change his ways, change his behavior, to do what he said today for the second time - - yes, that's what he said when he got out of SAFPF what [the State] read to you. That was a man who was telling about the changes. And he said, I've come a long way. He said that again today.
> He's asking for another chance. He's asking don't throw him away. You give him a life sentence, he will not even be eligible for parole for 30 years.

Appellant argues that his trial counsel was ineffective for reiterating the series of crimes committed by Appellant, failing to point to redeeming and positive qualities of Appellant, and essentially making the closing argument of the State. Trial counsel's argument responded to the State's argument that Appellant victimizes people and that he is not going to change. Appellant's trial counsel acknowledged his criminal background and asked the jury to consider Appellant's young age and to give him a lesser

sentence and a chance to prove that he can change. Appellant has not shown that he received ineffective assistance of counsel. We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 10, 2016
Do not publish
[CRPM]

